UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-282 |
| - against - | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| MARION PATTERSON | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On May 7, 2008, Marion Patterson plead guilty to a single-count information which charged that between July 26, 2005 and February 26, 2008, the defendant and others conspired to commit wire fraud, in violation of 18 U.S.C. § 1349.

Patterson was sentenced on April 14, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 26 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between sixty-three and seventy-eight months. The offense carried a maximum term of imprisonment of 30 years. 18 U.S.C. §§ 1343, 1349. The maximum fine was $10,333,800. 18 U.S.C. §3571(d). An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1(a)(1).

Patterson was sentenced to time served and 2 years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $5,166,900, jointly and severally with the other defendants convicted in the instant conspiracy. Restitution is payable by this defendant in the amount of $50 per month to the Clerk of this court, to be distributed by the Clerk proportionally among the victims of the conspiracy. Restitution will not interfere with the ability of the defendant to support her family. No fines were imposed because the defendant does not have any substantial assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Patterson's cooperation has lead to a number of convictions relating to the instant conspiracy. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While the offense is serious, specific deterrence is not required in light of the negligible likelihood that defendant will engage in future criminal conduct. She has a good, stable family relationship and a young family with children who require her presence. Defendant's substantial, highly credible contribution to the prosecution of a number her co-conspirators was impressive. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed, in light of sentences imposed on defendant's co-conspirators and the impact of cooperation with prosecutors on defendant's life over a period of more than two years. The sentence will send a clear message that any involvement in conspiracy to commit wire fraud will result in punishment. Specific deterrence is achieved through the impact of this conviction on the defendant's employability. It

is unlikely that she will engage in further criminal activity in light of her fine background, her evident contrition, and the necessity to support her young family.

/S/
Jack B. Weinstein
Senior United States District Judge

Dated: April 14, 2010
       Brooklyn, New York